# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TY'SHANA THOMAS, as Next Friend of N.G., a minor,<br><br>Plaintiff,<br><br>v.<br><br>BRADFORD WHITE CORPORATION D/B/A BRADFORD-WHITE CORPORATION,<br><br>Defendant. | Case No.<br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bradford White Corporation d/b/a Bradford-White Corporation ("Bradford White" or "Defendant") hereby gives notice that the civil action currently pending in the Iowa District Court in and for Polk County, Iowa, identified as *Ty'Shana Thomas, as Next Friend of N.G., a minor v. Bradford White Corporation d/b/a Bradford-White Corporation*, Case No. LACL153210 (the "Pending Action") is removed to this Court without waiving any rights to which Defendant may be entitled.

As grounds for this Notice of Removal, Bradford White states the following:

1. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Bradford White are attached.

2. The Petition in the Pending Action was filed on June 6, 2022 and served on Bradford White on or after September 26, 2022. A copy of the Petition, Civil Original Notice, Jury Demand and Proof of Service are attached as Exhibits A, B & C.

3. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within thirty days of Bradford White's receipt of service of the Civil Original Notice and Petition. Exhibit C.

4. Removal of the Pending Action is proper under 28 U.S.C. §§ 1332(a)(1), 1441(b) and 1446(c)(2)(A)(ii) and 1446(c)(2)(B) because Plaintiff's Petition is a dispute between citizens of different states and the amount in controversy exceeds $75,000.00. Exhibit A.

5. Plaintiff, Ty'Shana Thomas and minor N.G. are citizens of the State of Iowa. Exhibit A, ¶¶ 1 and 2.

6. Defendant Bradford White is a Delaware corporation with a principal place of business in Ambler, Pennsylvania. Thus, Bradford White is a citizen of both the State of Delaware and the State of Pennsylvania. Exhibit A, ¶ 3.

7. Iowa's pleading rules do not require a Plaintiff to identify a specific sum demanded but, instead, permits a Plaintiff to plead recovery of damages in excess of an amount demanded. Plaintiff's Petition identifies that it is "an action for damages that exceed $10,000.00 exclusive of attorney's fees and costs." Exhibit A, ¶ 5. However, Plaintiff's Petition also identifies that:

- Plaintiff was attempting to give N.G. a bath in a sink in the apartment when the water temperature in the sink because *extremely* hot in a short period of time and N.G. *suffered burns to large portions of his body* as a result. (emphasis added) Exhibit A, ¶ 7.

- As a direct and proximate cause of Defendant Bradford White's negligence, N.G. sustained *severe and permanent injury* to his person, all of which caused him to experience *great pain and suffering*, past, present and future; to seek *medical care*

*and treatment*, past present and future, to *suffer a loss of earnings* and further causing N.G. inconvenience and *emotional distress*. Exhibit A, ¶ 16.

8. In light of the fact that Plaintiff will be seeking recovery for burns to a substantial portion of a minor's body including but not limited to past and future pain and suffering, past and future medical costs, severe and permanent disfigurement and past and future emotional distress, the face of Plaintiff's Petition clearly establishes that damages sought against Bradford White will exceed $75,000.00. This Court should find that the face of the Petition constitutes sufficient evidence that the amount in controversy exceeds the $75,000.00 threshold identified in Section 1332(a). See 28 U.S.C. Section 1446(c)(2)(A)(ii) and 1446(c)(2)(B).

9. Although Bradford White contends Plaintiff's allegations are without merit and Plaintiff is entitled to no recovery whatsoever, there can be no doubt that the face of the Petition establishes the two prerequisites for removal based upon diversity: (a) the Plaintiff and Defendant are citizens of different states and (b) the amount in controversy exceeds $75,000.00. See 28 U.S.C. Section 1332(a)(1).

10. Venue is proper in this Court because it is the district court for the district and division of the Pending Action – the Iowa District Court for Polk County, Iowa.

10. The undersigned counsel certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, Defendant's Notice of Filing of Notice of Removal has been served upon counsel for Plaintiff – Samuel J. Aden, Law Offices of John T. Hemminger, 2454 S.W. 9th Street, Des Moines, Iowa 50315, samaden@hemmingerlaw.com.

11. The undersigned counsel further certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, Defendant's Notice of Filing

of Notice of Removal has been filed with the Clerk of the Court for the Iowa District Court in and for Polk County, Iowa. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit D.

12. Wherefore, Defendant Bradford White. requests the Pending Action be removed to the United States District Court for the Southern District of Iowa, Central Division.

                Respectfully Submitted,

                WHITFIELD & EDDY, P.L.C.
                699 Walnut St., Suite 2000
                Des Moines, IA  50309
                Phone: (515) 288-6041/ Fax: (515) 246-1474
                Email: jacobson@whitfieldlaw.com

                By */s/ Matthew D. Jacobson*
                    Matthew D. Jacobson

                ATTORNEYS FOR DEFENDANT

Original filed.

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was served by email and regular mail, this 26th day of September, 2022, upon the following:

Samuel J. Aden
Law Offices of John T. Hemminger
2454 SW Ninth Street
Des Moines, IA  50315
samaden@hemmingerlaw.com

ATTORNEY FOR PLAINTIFF

                ___*/s/ Matthew D. Jacobson*___
                Matthew D. Jacobson