IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| TY'SHANA THOMAS, as Next Friend of N.G., a minor, | Law No. |
|---|---|
| Plaintiff, | |
| vs. | |
| BRADFORD WHITE CORPORATION DBA BRADFORD-WHITE CORPORATION, | **PETITION AT LAW AND JURY DEMAND** |
| Defendant. | |

COMES NOW the Plaintiff, Ty'Shana Thomas, in her individual capacity and as mother and next Friend of N.G., a minor, and in support of their Petition states:

1. That Plaintiff Ty'Shana Thomas ("Plaintiff") at all times material hereto was a resident of Des Moines, Polk County, Iowa.

2. That Plaintiff was at all material times hereto the mother, custodian and caretaker of her minor son N.G.; N.G. was likewise, at all times material hereto, a resident of Des Moines, Polk County, Iowa.

3. Defendant Bradford White Corporation dba BRADFORD-WHITE CORPORATION, (hereinafter "Defendant Bradford White") is and was at all times material to this Petition at Law a Delaware corporation authorized to and doing business in the State of Iowa and in Polk County, Iowa.

4. At all times material to the Petition at Law, natural-gas fired water heaters that Defendant Bradford White manufactured were installed and used to heat water in apartments/living units owned by Homes of Oakridge Human Services, Inc., including but not

1

limited the unit located at 926 Oakridge Drive, Building 101, Apartment 6, Des Moines, Polk County, Iowa.

5. This is an action for damages that exceed $10,000.00 exclusive of attorney's fees and costs.

6. The negligence/injuries described herein occurred in Polk County, Iowa, and venue of this matter properly lies in Polk County District Court.

7. On or about May 4, 2019, Plaintiff and N.G. were visitors in an apartment located at or near 926 Oakridge Drive, Building 101, Apartment 6, Des Moines, Polk County, Iowa; Plaintiff was attempting to give N.G. a bath in a sink in the apartment when the water temperature in the sink became extremely hot in a short period of time and N.G. suffered burns to large portions of his body as a result.

8. The water temperature in the sink, both at the time of the injury and afterward, deviated from/exceeded the water temperature indicated in the Defendant Bradford instructions manual for the setting at which the water heater was placed.

9. That prior to the failure/malfunctioning of Defendant Bradford White's water heater on May 4, 2019, neither Plaintiff nor the resident of Apartment 6 had abused the water heater or used it in any way other than as it was intended to be used.

### COUNT I - NEGLIGENCE AGAINST DEFENDANT

COMES NOW the Plaintiff, Ty'Shana Thomas, in her individual capacity and as mother and next Friend of N.G., a minor, and in support of their Petition states:

10. The Plaintiff does hereby repeat and re-allege paragraphs one through eight (1-9) above as if fully set forth herein.

2

11. Defendant owed a duty of care to Plaintiff to assemble water heaters for sale in a reasonable manner and/or with reasonable care so as to not cause injury to Plaintiff/N/G.

12. Defendant owed a duty of care to Plaintiff to not cause injury to Plaintiff/N.G..

13. Defendant owed a duty of care to Plaintiff/N.G. to warn of any known dangerous conditions of the water heater in question which it was aware of or should have been aware of with the exercise of reasonable care.

14. Defendant negligently breached its duty to Plaintiff/N.G. in one or more of the following particulars:

    a. In failing to properly manufacture the water heater in question so that the water heater would not create water temperatures that deviate from/exceed those in the Bradford White instructions manual;

    b. In failing to properly inspect the water heater in question to ensure that its temperatures did not deviate from/exceed the temperatures listed in the Bradford White instructions manual during ordinary usage;

    c. If failing to warn Plaintiff/N.G. and other potential plaintiffs of Defendant Bradford White's failure to manufacture the water heater so that it would not create water temperatures that deviate from/exceed the temperatures listed in the Bradford White instructions manual;

15. The acts and omissions of Defendant were a direct and proximate cause of Plaintiff's/N.G.'s injuries and damages.

16. As a direct and proximate result of Defendant Bradford White's negligence, N.G. sustained severe and permanent injury to his person, all of which caused him to experience great pain and suffering, past, present and future; to seek medical care and treatment, past present and future; to suffer a loss of earnings; and further causing the N.G. inconvenience and emotional distress in an amount to be determined at trial

WHEREFORE, Plaintiff, Ty'Shana Thomas, individually and as mother and Next Friend of N.G., a minor, does hereby make claim against Defendant Bradford White in an amount that will fully compensate Plaintiff for her injuries and losses and those of her minor son, N.G., together with interest thereon at the maximum legal rate plus the costs of the action.

### COUNT II - BREACH OF IMPLIED WARRANTY AGAINST DEFENDANT

17. Plaintiff does hereby repeat and re-allege paragraphs one through sixteen (1-16) above as if fully set forth herein.

18. Defendant Bradford White impliedly warranted that the water heater in question would be fit for heating sink and shower/bathtub water (the purpose for which it was intended) and would operate in a safe condition.

19. Defendant Bradford White impliedly warranted that its water heater in question would be free from defects creating an unreasonable risk of harm.

20. Defendant Bradford White warranted that its water heaters in question would be constructed and marketed consistently with good safety practice, including adequate instructions, warnings, and safety inspections and devices.

21. Defendant Bradford White breached one or more of the aforementioned warranties and further received timely notice of the breach of said implied warranty at the time the breach had been reasonably discovered.

22. Defendant's breach of implied warranties was a proximate cause of the injuries to N.G.

23. As a direct and proximate result of said breach of implied warranties of the Defendant Bradford White, N.G. sustained severe and permanent injury to his person, all of which caused him to experience great pain and suffering, past, present and future; to seek

medical care and treatment, past present and future; to suffer a loss of earnings; and further causing the N.G. inconvenience and emotional distress in an amount to be determined at trial.

WHEREFORE, Plaintiff, Ty'Shana Thomas, individually and as mother and Next Friend of N.G., a minor, does hereby make claim against Defendant Bradford White in an amount that will fully compensate Plaintiff for her injuries and losses and those of her minor son, N.G., together with interest thereon at the maximum legal rate plus the costs of the action.

### COUNT III - STRICT LIABILITY AGAINST DEFENDANT

24. Plaintiff hereby repeats and re-allege paragraphs one through twenty-two (1-23) above as if fully set forth herein.

25. The water heater in question was purchased for use by entities such as Homes of Oakridge Human Services, Inc., to be used as Defendant Bradford White intended it should be used.

26. When purchased for Homes of Oakridge Human Services, Inc.'s (and its tenants and guests, including Plaintiff and N.G.) use, the water heater in question was dangerously defective for N.G.'s use as intended.

27. The dangerous defects of the water heater in question were not readily observable by such inspection as Plaintiff might make.

28. Defendant Bradford White furnished the water heater in question to Homes of Oakridge Human Services, Inc. in a defective condition and by doing so breached its implied warranty that said water heater was not dangerously defective or unfit for the ultimate users' contemplated use.

29. Defendant Bradford White designed, manufactured, assembled and/or imported, distributed and sold the water heater in question.

30. Defendant Bradford White was engaged in the business of designing, manufacturing, and/or assembling and selling said water heater in question.

31. The water heater in question was in a defective condition at the time it left Defendant Bradford White's control.

32. The defective condition of the water heater in question was unreasonably dangerous to persons such as Plaintiff and N.G..

33. Plaintiff and N.G. used said water heater (through the sink) in question in the intended manner or in a manner which was reasonably foreseeable to Defendant Bradford White.

34. The water heater in question was expected to and did reach Homes of Oakridge Human Services, Inc./Plaintiff/N.G. without substantial changes in its condition.

35. The acts and omissions of Defendant Bradford White, and the dangerous and defective condition of the water heater in question, were a direct and proximate cause of N.G.'s injuries and damages.

36. As a direct and proximate result of Defendant Bradford White's acts and omissions, N.G. sustained severe and permanent injury to his person, all of which caused him to experience great pain and suffering, past, present and future; to seek medical care and treatment, past present and future; to suffer a loss of earnings; and further causing the N.G. inconvenience and emotional distress in an amount to be determined at trial.

WHEREFORE, Plaintiff, Ty'Shana Thomas, individually and as mother and Next Friend of N.G., a minor, does hereby make claim against Defendant Bradford White in an amount that will fully compensate Plaintiff for her injuries and losses and those of her minor son, N.G., together with interest thereon at the maximum legal rate plus the costs of the action.

. JURY DEMAND

COMES NOW, the Plaintiff, and hereby demands a trial by jury with regard to the above-captioned matter.

Respectfully submitted,

Dated __JUNE 2__, 2022.   _____
Samuel J. Aden        AT0012226
LAW OFFICES OF JOHN T. HEMMINGER
2454 S.W. Ninth Street
Des Moines, Iowa 50315
Telephone:   (515) 283-2116
Facsimile:    (515) 244-6206
E-mail:  samaden@Hemmingerlaw.com
ATTORNEY FOR PLAINTIFFS